**Motion for Rehearing Overruled, Majority and Concurring Memorandum Opinions Issued August 15, 2023 Withdrawn, Judgment Issued August 15, 2023 Vacated, Affirmed, and Substitute Memorandum Majority Opinion and Substitute Memorandum Concurring Opinion filed May 2, 2024.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-21-00558-CV

---

### DANIEL OGBONNA AND KINGSLEY EKWOROMADU, OLIMAX GROUP INC., OLIMAX MANUFACTURING, LLC AND ROYALBRAVE INC., Appellants

### V.

### NELIA  CRUICKSHANK, Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2020-64885**

---

### SUBSTITUTE MEMORANDUM CONCURRING OPINION

I join the majority opinion. I do not believe all of the arguments under issue number one—as set out in the majority opinion—are waived. However, I do not find appellants' arguments persuasive and write separately to address the issues. I also

agree that appellants inadequately briefed the fraud and reliance issue but they would also lose on the merits.

## I.       The Partnership Issues

The jury found that appellants entered into a partnership. Appellants argue that the partnership issue is immaterial because—as a matter of law—the partnership was "created under the statute for corporations."

Appellants did not request a jury instruction as to whether or not the partnership was created under the statute for corporations or otherwise note any objection to the partnership question. Appellants argue that because the partnership used a pre-existing corporation's bank account for the partnership, the partnership was "created under a statute" other than the partnership statutes, and consequently under Section 152.051(c) there can be no partnership as a matter of law. *See* Tex. Bus. Org. Code. § 152.051(c).

Appellants cite no case to support their position that the use of a corporate bank account somehow transforms this partnership into a corporation. First the corporation pre-existed the partnership and did not include Cruickshank. So it is hard to see how the business deal with Cruickshank could be a corporation. The one case cited by appellants—*Lentz Eng'g, L.C. v. Brown*, No. 14-10-00610-CV, 2011 WL 4449655, at *3–4 (Tex. App.—Houston [14th Dist.] Sept. 27, 2011, no pet.)—dealt with a written agreement between the parties creating an LLC. There was no written agreement here. Although appellants characterized the facts as admitted, there was no admission that her agreement was to be part of a corporation. Appellants do not even attempt to argue that Cruickshank's testimony does not support the creation of a partnership. Nor do they cite any testimony from Ogbonna or Kingsley that Cruickshank had any interest in the pre-existing corporation. Ogbonna testified that Cruickshank was entitled to an equal share of the profits that she generated—not of

the entire business. Ogbonna and Kingsley used a number of company names under which they operated without really any regard for corporate formalities. Ogbonna states he gave her the title of CEO, Olimax Medical Supplies, LLC, but stated that she had no ownership in the business—that she was essentially just a commissioned worker. Ogbonna testified that Cruickshank never had any authority to sign on the "company's" behalf. Ogbonna's testimony does not support his argument that his agreement with Cruickshank was "created under a corporate statute." Appellants have not established this as a matter of law. *Cf. Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 832–33 (Tex. 2009) (JNOV movant failed to satisfy its high burden of demonstrating its point as a matter of law); *JJJJ Walker, LLC v. Yollick*, 447 S.W.3d 453, 472 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (same).

Appellants also argue that the jury was tasked with the wrong measure of damages, arguing—as a matter of law—that the partnership was dissolved. But once again, appellants never asked the jury if the partnership was dissolved. The jury found that Cruickshank did not withdraw from the partnership. The appellants make no effort to show that the evidence does not support this jury finding. Instead, they argue as a matter of law that Cruickshank was not terminated from the partnership because she did not prove the elements of termination, citing only Section 152.501(b)(4)(A)–(D) of the Texas Business Organizations Code. They fail to address the other ways that a partner can be terminated under the statute. They also fail to address the idea that they might have terminated her illegally. There was no testimony from the appellants that the partnership was dissolved, nor did appellants take any of the steps necessary to dissolve a partnership. The appellants spend a great deal of time outlining the statutory requirements for what the remaining partners should do after ending a partnership, yet they failed to do so. Instead the two

remaining partners continued the business just as before—with the profits split equally between them.

Appellants failed to obtain jury findings on the issues that they now contend were established as a matter of law. They cite no cases that support these arguments except for one case that is quite distinguishable. I agree that their first point should be overruled.

## II.    The Fraud Issue

In one sentence, appellants contend that Cruickshank did not show any reliance on the fraud by omission theory. Yet Cruickshank repeatedly testified that she continued to work on the partnership business and would not have worked had she known the truth. This is evidence of reliance.

I respectfully concur.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Bourliot.